IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TRAVIS LEE ALDRIDGE,  §<br>§<br>§<br>Plaintiff,  §<br>§<br>v.  §<br>§<br>SWEETWATER POLICE  §<br>DEPARTMENT, *et al.*,  §<br>§<br>Defendants.  § | Civil Action No. 1:24-CV-00041-H-BU |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Travis Lee Aldridge, proceeding pro se, brings this action against the Sweetwater Police Department, Caleb Norman, Matt Mckay, Kurt Huckabee, Cory Stoman and Samantha Morrow (collectively, "the Defendants"). The case is now before the Court due to Aldridge's failure to comply with the Court's Order to Show Cause, Dkt. No. 5, requiring him to serve the Defendants by no later than August 12, 2024. For the reasons explained below, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Aldridge's claims under Federal Rules of Civil Procedure 4(m) and 41(b).

### I. FACTUAL AND PROCEDURAL BACKGROUND

Aldridge filed this action on March 20, 2024, but has yet to serve the Defendants.[1] Dkt. No. 1. Accordingly, the Court issued a Show Cause Order which stated that Aldridge,

---

[1] Aldridge's claims were automatically referred to the undersigned for pretrial management under Special Order 3-251.

because he is not proceeding *in forma pauperis*, is responsible for serving the Defendants and he has failed to do so within the three months of his filing. Dkt. No. 5. In its Order, the Court required Aldridge to either serve the Defendants or show good cause for why he cannot by no later than August 12, 2024. *Id*. at 1. As of the date of this order, over a month since this Court's deadline, Aldridge has done neither. Further, Aldridge has otherwise been inactive in his case since filing his Complaint.

## II.  LEGAL STANDARDS

Rule 4(m) of the Federal Rules of Civil Procedure governs the time within which a plaintiff must serve a defendant. That Rule provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m) (emphasis added).

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A litigant's pro se status is not an excuse for failing to effect service or ignorance of the Federal Rules of Civil Procedure. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013)

A dismissal under Rule 41(b) may be with or without prejudice. *Long v. Simmons*,

77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

### III.  ANALYSIS

In the present case, Aldridge failed to serve the Defendants within 90 days after he filed his Complaint. The Court then ordered Aldridge to serve the Defendants within a specified time. Dkt. No. 5. Aldridge has not since served the Defendants nor shown good cause for his failure to serve the Defendants. Thus, his Complaint is subject to dismissal under Rule 4(m).  *See Thrasher*, 709 F.3d at 511 (5th Cir. 2013).

Additionally, the undersigned recommends dismissal under Rule 41(b) for two interrelated reasons: (1) Aldridge's failure to prosecute his claim and (2) his failure to comply with this Court's Order Requiring Service. Dkt. No. 5. Despite filing his suit nearly 6 months ago, Aldridge has done nothing to further his claim. Aldridge has not served the Defendants in compliance with Rule 4(c) nor has he given the Court any other indication that he is still pursuing his claim. This alone warrants dismissal under Rule 41(b). *See Veronica B. v. Comm'r of Soc. Sec. Admin.*, No. 3:19-CV-1341-S-BT, 2019 WL 5967847, at *1 (N.D. Tex. Oct. 10, 2019), *report and recommendation adopted,* No. 3:19-CV-1341-S-BT, 2019 WL 5964486 (N.D. Tex. Nov. 12, 2019).

Dismissal is also warranted because of Aldridge's failure to comply with this Court's Show Cause Order, which required him to serve the Defendants by no later than August 12, 2024. *See* Dkt. No. 5. That deadline has now expired without word from Aldridge. This,

too, serves as a ground for dismissal under Rule 41(b). *Veronica B*, 2019 WL 5967847, at *2.

Still, the undersigned has no reason to believe that Aldridge's failures to prosecute or show cause are the result of some improper motive. Thus, the undersigned recommends that the Court dismiss Aldridge's claim without prejudice.

## IV.  CONCLUSION

For the reasons provided above, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Aldridge's claims under Rules 4(m) and 41(b) for his failure to timely serve the Defendants, prosecute his case, and comply with this Court's orders.

## V.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)(extending the time to file objections from ten to fourteen days).

ORDERED this 19th day of September 2024.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE